Matter of Butler v Miller (2023 NY Slip Op 03827)

Matter of Butler v Miller

2023 NY Slip Op 03827

Decided on July 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 13, 2023

CV-22-2078
[*1]In the Matter of Nicole L. Butler, Petitioner,
v
Andrew R. Miller, Appellant.

Calendar Date:June 1, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Christopher Hammond, Cooperstown, for appellant.

Egan Jr., J.P.
Appeal from an order of the Family Court of Chemung County (Mary M. Tarantelli, J.), entered September 23, 2022, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and committed respondent to jail for 20 days.
Respondent has two children who reside with petitioner, their mother. An order was entered in the Commonwealth of Pennsylvania in September 2020 that directed respondent to pay child support in the amount of $199 a month, with a provision for an additional $19 a month going toward arrears. The order was registered in Chemung County in 2020 and, in April 2022, petitioner filed a petition in Family Court in Chemung County alleging that respondent had willfully violated its terms. The petition was transferred to Steuben County, where respondent purportedly resided, but returned to Chemung County after respondent appeared at a hearing to advise that he resided in Chemung County and provided his address. Respondent then failed to appear at an initial appearance in Chemung County, after which the record suggests that he was contacted by telephone, confirmed his address and given notice of future proceedings.
The Support Magistrate (Mattison, S.M.) conducted a hearing on the petition, and respondent failed to appear. The result was an August 2022 order that, upon respondent's default, found him to be in willful violation of his child support obligation and directed that a money judgment be entered against him in the arrearage amount of $1,331.62. The Support Magistrate further recommended that respondent be incarcerated for 20 days and referred the matter to Family Court for confirmation. Following the confirmation hearing, at which respondent also failed to appear and counsel for respondent conceded that he was in default, Family Court confirmed the Support Magistrate's order and issued a warrant for respondent's arrest. Respondent appeals.
Respondent argues that he had not been properly served with the petition and that he received the ineffective assistance of counsel when counsel conceded at the confirmation hearing that he was in default; he makes no effort to dispute that he was, in fact, in default. No appeal lies from an order entered on default and, accordingly, this appeal must be dismissed (see Matter of Ulster County Support Collection Unit v Dunn, 174 AD3d 1006, 1007 [3d Dept 2019]; Matter of Ulster County Support Collection Unit v Beke, 170 AD3d 1347, 1348 [3d Dept 2019]). Respondent's remedy lies in advancing his arguments in a motion to vacate the default and, if said motion is denied, taking an appeal from the ensuing order (see id.).
Lynch, Aarons, Fisher and McShan, JJ., concur.
ORDERED that the appeal is dismissed, without costs.